IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOHN P. CONVILLE JR.**                                                                **PLAINTIFF**

V.                                            4:06CV0078

**EMERSON ELECTRIC**                                                                **DEFENDANT**

## ORDER GRANTING MOTION TO DISMISS

Plaintiff was an employee of Defendant Emerson Electric for fourteen years. On March 2, 1992, Plaintiff was injured and unable to return to work. On April 22, 1992, Plaintiff's physician released him to work with the limitation that he could only perform a desk job with no lifting. According to Plaintiff's Complaint, Plaintiff was informed by Jim Martin, the Director of Personnel for Defendant that there was not a position available for him. On March 2, 1993, Plaintiff received a letter of termination from Defendant.

Eleven years later, Plaintiff's brother discovered documentation regarding Plaintiff's injury and subsequent termination from employment by Defendant. Plaintiff's brother began investigating a possible claim by Plaintiff against the Defendant. Plaintiff filed a Charge of Discrimination with the EEOC on November 23, 2005 regarding the claim. On January 18, 2006, Plaintiff filed this lawsuit claiming he was discriminated against because of his disability in violation of Title VII and the Americans With Disabilities Act. The Defendant subsequently filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The

Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)).

The Defendant contends that Plaintiff's Complaint should be dismissed because it is untimely. Under Title VII and the ADA, a discrimination charge must be filed with the Equal Employment Opportunity Commission no later than 180 days after the alleged unlawful employment practice occurred. *Diaz v. Swift-Eckrich, Inc*. 318 F.3d 796, 798 (8th Cir. 2003)(citing 42 U.S.C.A. § 2000e-5(e)(1)); 42 U.S.C. § 12117(a). Plaintiff did not file his Charge with the EEOC for over twelve years from the date of his termination. Plaintiff argues, however, that his time to file should be subject to equitable tolling because of his lack of education and ignorance of the law.

> The Eighth Circuit has explained the doctrine of equitable tolling:
>
> Equitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim. . . . We hold that, when a reasonable person in the plaintiff's situation would not be expected to know of the existence of a possible . . . violation, this excusable ignorance may provide the basis for the proper invocation of the doctrine of equitable tolling. . . . [W]hile it is inherently difficult to predict when resort to the saving grace of equitable modification is appropriate, it is important to remember that such relief is an exception to the rule, and should therefore be used only in exceptional circumstances.

*Dring v. McDonnell Douglas Corp*., 58 F.3d 1323, 1328-1330 (8th Cir. 1995)(citing *Chakonas v.*

*City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994)).

The Court finds that Plaintiff did not exercise due diligence with respect to his claim. Plaintiff's failure to discover the alleged discrimination against him for twelve years was not excusable ignorance, but more akin to negligent inaction. The facts of Plaintiff's case do not justify invocation of the doctrine of equitable tolling. Plaintiff filed his Charge with the EEOC outside the 180-day time limitation and, therefore, his claim against the Defendant is time barred.

Defendant's Motion to Dismiss (Docket # 16) is GRANTED. Plaintiff's Motion to Amend/Correct Complaint (Docket # 14) is MOOT. Plaintiff's Motion for a Stay and a Continuance (Docket # 26) is DENIED. Plaintiff's Motion to Withdraw Motion to Appoint Counsel and to have his brother appointed as counsel (Docket # 25) is MOOT. The Clerk is directed to close the case.

IT IS SO ORDERED this 20th day of March 2006.

_____
James M. Moody
United States District Judge